The Court permitted the appraisement to be read for that purpose.
Mr. Marbury then offered to give evidence of damages over and above the value of the goods replevied ; and contended that the jury in replevin cannot give damages for the detention by the replevin, nor for any injury or loss occasioned thereby subsequent to the replevin. These are all covered by the condition of the bond, and can only be recovered by an action upon the bond. Hopewell v. Price, 2 Har. & Gill, 275.
Mr Redin, contra. It does not appear for what the damages were given. They did not merely find the value of the goods under the statute, but have given damages for which the defend-anttin replevin had judgment, and cannot recover damages again upon the bond. If the plaintiff in replevin had become nonsuit the defendant could not have recovered damages against him, but if upon a plea of property the defendant recovers damages, it is conclusive, and no further damages can be recovered upon the bond.
The Court (Morsell, J., contra, and Cranch, C. J., doubting,) permitted Mr. Marbury to give evidence of damages consequent upon the replevin.
Verdict for plaintiff. Damages, $150.